# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re JOSEPH EDWARD KLOIAN,

      Debtor,

Case No. 07-CV-11504-DT
Bankruptcy No. 99-51514

_____/

## OPINION AND ORDER DENYING
## DEBTOR-APPELLANT'S MOTION FOR RECONSIDERATION

Pending before the court is Debtor Joseph Edward Kloian's "Motion for Reconsideration," which was filed on May 22, 2007. Debtor challenges the court's dismissal of his bankruptcy appeal, which was based upon his failure to respond to the court's April 25, 2007 order to show cause. He claims that neither he nor his attorney at the time, or his present attorney, received notice of the order to show cause and therefore his failure to respond was excusable neglect under Federal Rule of Civil Procedure 6(b).[1] The court will deny Debtor's motion.

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR

---

[1]According to Rule 6(b):

> [w]hen by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Civ. P. 6(b).

7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).

Debtor and his attorneys have failed to demonstrate that excusable neglect was the cause of the failure to respond to the order to show cause. Elisha Fink, Debtor's previous counsel, merely avers that she never received notice of the order to show cause. (Fink Aff. at ¶¶ 1-3, Mot. Ex. 1.) This conclusory affidavit is wholly inadequate for purposes of establishing excusable neglect. Further inquiry into the court's docket reveals that on May 17, 2007, after the bankruptcy appeal was dismissed, the clerk of the court received a mailing to Fink that was returned undeliverable from her Ypsilanti address. [Dkt # 4.] A handwritten notation directs the recipient to forward the mail to an address in Dexter. (*Id.*) Curiously, Fink is still listed as the lead attorney on the court's docket for the instant appeal (07-11504). More importantly, her erstwhile address in Ypsilanti, which Debtor describes as "obsolete," (Debtor's Br. at 9), continues to appear as her address of record on the court's docket. Michael Mixer, her apparent successor, is listed as co-counsel pursuant to the appearance that he filed on May 22, 2007. [Dkt # 5.] The failure to provide this court with an updated mailing address does not constitute excusable neglect

Mixer filed his appearance with the bankruptcy court on May 1, 2007, before this court's deadline for a response to the order to show cause and at a point where he

2

could have requested more time. (5/1/07 Substitution of Attorney, Bankruptcy No. 9-51414, Dkt # 2291.) Debtor's motion fails to address why Mixer did not recognize that the April 2, 2007 notice of appeal [Dkt # 2271] was assigned, *as viewable on the bankruptcy court's docket as well as in the linked document*, (4/3/07 Bankruptcy Matter Civil Cover Sheet, Dkt # 2274), a separate civil case number (07-11504) in this court. The court does not believe that the fact that its order to show cause did not appear on the bankruptcy court's docket somehow obviates Mixer's duty to appear for his client in this court and to be aware of this court's docket, or, for that matter, to see plain reference in the bankruptcy docket to this court's docket. Mixer's neglect, coupled with the neglect of Fink, is not excusable. The court is therefore not persuaded that the motion for reconsideration should be granted, as there is no palpable defect the correction of which would lead to a different outcome. The court need not reach Debtor's arguments on the merits of the competency issue as raised in the order to show cause and in the later part of his motion for reconsideration.[2]

---

[2]Further, were the court to find that counsel's failure to provide updated addresses constituted excusable neglect and a palpable defect requiring correction, the court is not persuaded that the correction of that error would result in a different resolution of the case. The order to show cause was directed at Debtor's failure to file his appeal through his *guardian ad litem* ("GAL"). Debtor argues that he no longer should be required to operate through his GAL. However, Debtor's appeal is focused on an order releasing funds to Fred S. Findling, his former attorney, not on the bankruptcy court's order requiring a GAL. The court is not persuaded that, at this point, Debtor's competency is properly before this court. In the context of an unauthorized appeal challenging an order releasing funds for a former attorney's work, this court cannot properly resolve a collateral attack upon a separate issue, which is not appealed. If Debtor wants to challenge his competency status, he must first do so in the proper forum, the bankruptcy court, where evidence can be taken and the matter can be fully briefed. After the bankruptcy court rules on the issue, Debtor can then appeal that issue to this court. Until such time, however, Debtor is under court order to only proceed through his GAL. Thus, even if the court were inclined to excuse counsel's failure to update the court with a proper address and accept a late response to the court's order to show cause, the court would nonetheless dismiss the appeal.

IT IS ORDERED that "Debtor-Appellant's Motion for Reconsideration" [Dkt # 6] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 30, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 30, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522